McHugh, J.
The plaintiff accounting firm (Mullen) sued the defendant client (Harnum and Harco or Harnum) for breach of contract, and Harnum counterclaimed for professional malpractice and alleged violations of M.G.L.c. 93A, §§2 and 11. After a nineteen-day trial, which heard fifteen witnesses and received one hundred fourteen exhibits, the jury found for Mullen on its breach of contract claim. It also found, however, on the counterclaim, that Mullen’s negligence was fifty percent causal of damages suffered by Harnum and Harco. The c. 93A count of the counterclaim was reserved for decision by the court, and I now make the following findings and rulings on it as required by Rule 52(a), M.R.Civ.P.
Beginning in 1984 and continuing through 1989, Mullen provided professional accounting services to G.H. Harnum, Inc. and Harco Construction, Inc., related companies closely held by members of the Harnum family. Services such as tax advice were provided to other Harnum entities and family members, but Mullen’s primary assignment was to provide auditing services to Harnum and review services to Harco so that the companies could borrow operating capital on the strength of their financial statements. During the course of the parties’ relationship, Mullen offered to increase its services, so as to increase its income, and Harnum sought to minimize the accounting services, so as to minimize its costs. Generally, however, the relationship was mutually satisfactory.
Early in 1990 it was discovered that a Harnum and Harco payroll clerk, one Patricia L. Ford, had embezzled more than three hundred thousand dollars from the companies during the period from about mid-1987 through 1989. Recriminations and finger-pointing began, and after Harnum refused to pay for Mullen’s 1989 services, this action was commenced. Harnum counterclaimed that Ford’s scheme, which involved some three hundred unauthorized checks to herself over a two and a half year period, would not have succeeded but for Mullen’s negligence. Mullen answered that it did with due care what it contracted to do, that it was never engaged to do a fraud audit, and that the cause of the loss was Harnum’s management’s negligence.
As noted above, the jury found that both parties were causally negligent equally, and Harnum urges now that Mullen’s negligence also violated c. 93A. Mullen maintains that it performed with due care, and further that any negligence on its part certainly did not rise to a violation of c. 93A. I accept for present purposes the jury’s finding as to Mullen’s negligence, but I do not find independently that Mullen was (or was not) negligent. The present question is whether Mullen’s performance, assuming that it was negligent, was unfair or deceptive in violation of c. 93A.
Chapter 93A applies to accountants, Cooke v. Hurwitz, 10 Mass.App.Ct. 99 (1980), and it is settled that negligence may, but does not necessarily, violate the statute. Squeri v. McCarrick, 32 Mass.App.Ct. 203, 207 (1992); Maillet v. ATF Davidson Co., 407 Mass. 185, 193-94 (1990). Here, Harnum stresses that a negligent misrepresentation, which it says Mullen’s conduct amounts to, is unfair or deceptive within the meaning of Section 2 of c. 93A. Glickman v. Brown, 21 Mass.App.Ct. 229, 235 (1985). Mullen argues that its conduct did not violate c. 93A because, among other reasons, the standard or measure of “unfair or deceptive” is different in a Section 11 business v. business dispute from the standard in a Section 9 consumer v. business dispute. Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 503-04 (1979); see generally Greaney, et al., Chapter 93A Rights and Remedies 2-35-2-38 (Rev. 1992).
Clearly there is tension between the Levings "raised eyebrow” standard and holdings that negligence violates Section 2 of the Act.[1] Conduct that is negligent is not willful or knowing, but “rascality” and egregious unfairness imply a mens rea beyond negligence. Analytically, Section 11 does not require conscious rascality or other scienter, which would transform a simple violation into a willful or knowing one. But negligence is not the predatory behavior that one associates with rascality. Madan v. Royal Indemnity Co., 26 Mass.App.Ct. 756, 763 n.7 (1989). Perhaps rhetorical symmetry can be achieved by equating Section 9 with *456 ordinary negligence and Section 11 with gross or wanton negligence. None of the appellate cases do so, however, and Harnum here does not allege, nor does the evidence show, gross or wanton negligence by Mullen.
The Section 11 cases that find liability for negligence are primarily, if not exclusively, misrepresentation cases. The claim here is not misrepresentation, but that Mullen should be liable for failing to disclose what it did not know. To be sure, Mullen’s unawareness is alleged to result from its own negligence,[2] but the immediately harmful conduct which it did not detect was embezzlement by Harnum’s employee. As noted above, Mullen was not engaged to conduct a fraud audit. No case cited to me (or found) goes so far as Harnum’s theory here. Compare Underwood v. Risman, 414 Mass. 96, 99 (1993), and Lawton v. Dracousis, 14 Mass.App.Ct. 164, rev. den., 387 Mass. 1103 (1982).
1 conclude in the circumstances of this case that Mullen’s actions were not unfair or deceptive within the meaning of c. 93A. Accordingly, judgment for Mullen shall enter on those counts of the counterclaim.

 Judicial discomfort with the relationship between these standards was expressed by the late Justice Cutter in Mac,_.Gillivary v. Dana Bartlett Ins. Agency, 14 Mass.App.Ct. 52, 58-61 (1982).

Harnum also alleged breach of contract and breach of warranty by Mullen. No breach of express warranty was alleged, and it is settled that cases of alleged professional malpractice are negligence cases. Putting different labels on other counts does not change their essence.